SMITH, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*January 13—January 31, 1905.*

*Limitation of actions: Personal injuries: Notice: Service: Waiver: Estoppel: Railway claim agent.*

1. The provision of subd. 5, sec. 4222, Stats. 1898, that the notice of personal injuries therein mentioned "shall be given in the manner required for the service of summons in courts of record," is mandatory, and no other manner of service can be substituted.

2. Letters from a railway company's claim agent to plaintiff's attorney relating to plaintiff's claim on account of personal injuries cannot be held a waiver of the notice required by subd. 5, sec. 4222, Stats. 1898, or as an estoppel to insist that such a notice was necessary, where it does not appear that such agent had any authority to waive the notice, nor that anything was said or done by him indicating or leading plaintiff to believe that no further notice would be required.

APPEAL from an order of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

This action was commenced against defendant, a railroad corporation, to recover for personal injuries alleged to have been sustained by plaintiff. The complaint alleges that the injuries were sustained on the 7th day of February, 1899, while plaintiff was a passenger on defendant's road; that shortly after the injury considerable correspondence was had between the plaintiff's attorney and defendant's claim agent, Hinsey, concerning the injury, and that notice of the injury was given to Hinsey; that after full investigation of the claim, and on June 2, 1899, Hinsey denied liability, and refused to pay; that the action was not commenced until more than four years after injury; that Hinsey had the management of all claims against defendant and authority to settle or compromise the same; but it does not appear that he had any authority to waive notice of injury, nor does it appear

that notice of the injury was given to defendant in the manner provided for the service of summons in courts of record. Defendant demurred to the complaint for the reason, among others, that no notice of injury was given. From the order overruling demurrer this appeal is taken.

The cause was submitted for the appellant on the brief of *H. H. Field* and *Thos. S. Nolan,* and for the respondent on that of *Wm. Smith* and *H. L. Maxfield.*

KERWIN, J. The only questions presented are: first, whether notice of injury served upòn Hinsey, claim agent, was sufficient; second, if not, whether notice had been waived.

1. The first question turns on the construction of subd. 5, sec. 4222, Stats. 1898, which reads as follows:

". . . No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. . . ."

This statute is clear and unambiguous, and if its words be given their plain, obvious, and ordinary meaning there can be no room for doubt that the legislature intended notice should be given in the manner provided for the service of summons in courts of record.

"It is beyond question the duty of courts in construing statutes to give effect to the intent of the lawmaking power, and seek for that intent in every legitimate way, but . . . first of all in the words and language employed; and if the words are free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of in-

terpretation." Sutherland, Statutory Construction, § 237;. *Newell v. People ex rel. Phelps,* 7 N. Y. 9; *Ogden v. Glidden,* 9 Wis. 46; *Battis v. Hamlin,* 22 Wis. 669; *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451; *Boland v. Gillett,* 44 Wis. 329; *Gilbert v. Dutruit,* 91 Wis. 661, 65 N. W. 511.

If the words of a statute are plain they must be strictly followed, but if they are ambiguous the whole context must be looked to for their explanation. Potter's Dwarris, 126.

"When the meaning of a statute is clear, and its provisions are susceptible of but one interpretation, that sense must be accepted as the law. Its consequences, if evil, can only be avoided by a change of the law itself, to be effected by the legislature, and not by judicial construction." Sutherland, Statutory Construction, § 238.

The legislature in the statute in question here used words of plain and definite import, and to put a construction upon them different from the ordinary meaning of the words used would be holding that the legislature did not mean what it has expressed. The statute plainly provides that service of notice shall be made in the manner provided for the service of summons in courts of record. These words cannot be construed to mean that the service "may" be made in some other manner without doing violence to the express language of the statute.

It is claimed by respondent that the word "shall" is directory, and may be construed to mean "may," and several cases are cited where the word "shall" used in statutes has been held to mean "may;" but this doctrine does not apply to the case at bar. Sutherland, Statutory Construction, § 460..

"Where an existing right or privilege is subjected to regulation by a statute in negative words, or those which import that it is only to be exercised in a prescribed manner, the mode so prescribed is imperative." Sutherland, Statutory Construction, § 459; *State on complaint of Doerflinger v. Hilmantel,* 21 Wis. 566, 574.

The statute in question imposes a positive limitation or regulation upon the right to commence actions for personal

injuries, and provides that notice shall be served within one year, and served in a specified manner. Such provision is imperative and not permissive. If, under this statute, any other or different service than that clearly provided for can be made, the plain language of the statute will be defeated. · Whether this statute is a wise one, or whether some other service might not be as effectual, is not a question for the courts. Where the statute is plain and unambiguous, and there is no room for doubt as to the intention of the legislature, it is the duty of the court to enforce it. *Newell v. People ex rel. Phelps,* 7 N. Y. 9; *Gilbert v. Dutruit,* 91 Wis. 661, 65 N. W. 511. Mr. Justice MARSHALL, in *Gilbert v. Dutruit, supra,* quoting Vattel, says:

"It is not allowable to interpret what has no need of interpretation. When the meaning is evident, and leads to no absurd conclusions, there can be no reason for refusing to admit the meaning which the words naturally present. To go elsewhere in search of conjecture in order to restrict or extend the act would be but an attempt to elude it. Such a method, if once admitted, would be exceedingly dangerous, for there would be no law, however definite and precise in its language, which might not, by interpretation, be rendered useless."

It is quite obvious that the legislature intended to provide a plain and certain manner for the service of notice in personal injury cases, and, the statute being positive and explicit, its provisions cannot be dispensed with or any other manner of service substituted. *Sowle v. Tomah,* 81 Wis. 349, 51 N. W. 571; *Curry v. Buffalo,* 135 N. Y. 366, 32 N. E. 80; *Atkinson v. C. & N. W. R. Co.* 93 Wis. 362, 67 N. W. 703; *Borst v. Sharon,* 24 App. Div. 599, 48 N. Y. Supp. 996.

2. It is claimed, however, by respondent that the correspondence between attorney of plaintiff and defendant's claim agent amounted ·to a waiver of any other or further notice. It does not appear from the record that Hinsey waived the notice provided by statute, nor that he had any authority to do so. The alleged waiver is pleaded as an estoppel, but all

the elements of estoppel appear to be wanting. Nothing was said or done by Hinsey indicating that no further notice would be required, nor does it appear that plaintiff was misled by the acts of defendant, or induced to believe that no other notice would be required. We are therefore unable to discover anything from the record which would justify the court in holding that there was a waiver of the notice required. *Borst v. Sharon,* 24 App. Div. 599, 48 N. Y. Supp. 996; *First Nat. Bank v. Wood,* 26 Wis. 500.

It follows from what has been said that the statute in question is mandatory, and requires the service of notice in the manner provided for service of summons in courts of record, and that such service had not been waived. The complaint, therefore, fails to state a cause of action, and the order overruling the demurrer should be reversed.

*By the Court.*—The order of the court below is reversed, and the cause is remanded for further proceedings according to law.