LOCKMAN, Respondent, vs. STEENSLAND, Appellant.

*June 1—July 13, 1921.*

*Negligence: Notice of personal injury: Waiver of notice: What constitutes: Negotiations looking toward settlement.*

1. Although sub. (5), sec. 4222, Stats., provides that no action to recover damages for personal injury shall be maintained unless a written notice or a summons and complaint is served upon the person alleged to have caused such damage, within two years after the happening of the event, the requirement is in the nature of a statute of limitations, which defendant may waive or which he may be estopped to assert.

2. Negotiations between the parties for a settlement of plaintiff's claim for damages, in which no attempt was made to comply with the requirement of sub. (5), sec. 4222, Stats., as to giving notice, do not amount to a waiver by defendant of such requirement, though he had manifested a willingness to settle, and do not estop him from relying upon plaintiff's failure to serve such notice.

Lockman v. Steensland, 174 Wis. 570.

APPEAL from a judgment of the circuit court for Iowa county: L. H. BANCROFT, Circuit Judge. *Reversed.*

This action was brought to recover for personal injuries sustained in an automobile collision which occurred on the 10th day of September, 1917. The summons was served August 29, 1919, and the complaint on October 7, 1919. No notice of the injury and damage, as required by sub. (5), sec. 4222, Stats., was served. A motion to dismiss the action because of such failure was denied. The jury returned a verdict in favor of the plaintiff for $375 damages, and from the judgment entered thereon plaintiff brings this appeal.

For the appellant there was a brief by *Fiedler, Fiedler & Jackson* of Mineral Point, and oral argument by *E. C. Fiedler*.

For the respondent there was a brief by *McGeever & McGeever* of Dodgeville, and oral argument by *James D.* and *W. C. McGeever*.

OWEN, J. The sole question presented is whether the action should have been dismissed because of the failure to serve the notice required by sub. (5), sec. 4222, Stats. This provides that no action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made, and that satisfaction thereof is claimed of such person or corporation. Such notice shall be served in the manner required for the service of summons in courts of record. Inadvertent inaccuracies in the notice are to be disregarded if it appears that there was no intention on the part of the person giving the notice to mislead the other party and such other party

was not in fact misled thereby. The notice need not be given if the action is brought and the complaint is served within two years after the happening of the event.

While it is established that this is in the nature of a statute of limitations, it has been held that the service of the notice may be waived by the defendant (*Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636), and that the defendant may be estopped from claiming the benefits of the statute (*Guile v. La Crosse G. & E. Co.* 145 Wis. 157, 130 N. W. 234). In the latter case the jury found that the defendant's officers represented to the plaintiff that it was not necessary to serve the notice of injury and claim for damages in order to preserve his rights against the defendant; that the insurance company was bound to pay plaintiff's damages; that the plaintiff had reasonable grounds for believing these statements or representations, and that he was thereby excused from serving the notice; that the failure to serve the notice was caused by his reliance upon these statements and representations. Upon these facts the court there held that the defendant was estopped from insisting upon the failure to give notice as a bar to the action.

In *Maurer v. Northwestern Iron Co., supra,* plaintiff mailed to the defendant a signed notice of the accident and injuries, receipt of which was acknowledged in writing. Thereafter defendant's attorney and agent visited the plaintiff, inquired into the nature of his injuries, and informed him that further notice of the injury was not necessary. Plaintiff relied thereon, believing his claim would be settled without suit, and served no further notice. These facts were held to constitute a waiver of a more strict compliance with the requirements of the statute under consideration.

Plaintiff contends that the negotiations between the parties looking towards a settlement of plaintiff's claim for damages, consisting of letters and personal interviews prior to the commencement of the action, either amounted to a

substantial compliance with the requirements of the statute as to notice of injury or amounted to a waiver on the part of the defendant, or worked an estoppel on his part, so that he should not now be permitted to urge the failure to give the notice as a defense to the action. The record discloses a number of letters passing between the parties or their attorneys looking towards a settlement of the damages. It appears that the defendant was not only willing but anxious to arrive at a settlement, and that at no time did he deny liability in the premises. There is no letter, writing, or document in the record, however, which suggests an attempt on the part of the plaintiff to comply with the requirements of sub. (5), sec. 4222. The correspondence is rather typical under such circumstances, the general tenor of which is that unless the defendant pay plaintiff $800 an action will be commenced. As we view it, the record discloses no attempt at any time to comply with the provisions of sub. (5), sec. 4222. It is rather apparent that the statutory provision was never thought of by the plaintiff or her attorneys. The defendant at no time waived service of the notice, nor did he say or do anything allowing the plaintiff to believe that service of the notice would not be insisted upon. It is the ordinary situation where, after negotiations for a settlement have failed, action was commenced. If the complaint had been served within two years from the date of the accident and injuries, service of notice would have been unnecessary. But as already seen, the complaint was not served until after the two-year period had elapsed. The failure to give the notice must be held to constitute a bar to the maintenance of the action, and the judgment should be reversed with instructions to dismiss the plaintiff's complaint.

*By the Court.*—So ordered.