BEYER, Appellant, vs. SEYMER, Respondent.

*September 10—October 22, 1946.*

For the appellant there was a brief by *Spence & Hanley* of Milwaukee, and oral argument by *Arthur T. Spence.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* and oral argument by *James T. Guy,* all of Milwaukee.

FRITZ, J.   The cause of action alleged in plaintiff's complaint, which was not served on defendant until November 29, 1941, is based upon alleged negligence of defendant in his treatment as a physician of plaintiff between June 16 and August 15, 1939, which was more than two years prior to said service of plaintiff's complaint on defendant.   As no complaint was served within that two-year period, consequently there are applicable the provisions in sub. (5) of sec. 330.19, Stats., that—

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, *notice in writing,* signed by the party damaged, his agent or attorney, *shall be served* upon the person or corporation by whom it is claimed such damage was caused, *stating the time and place where such damage occurred,* a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and *that satisfaction thereof is claimed* of such person or corporation.   Such notice shall be given in the manner *required for the service of summons in courts of record.*   No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act."

No notice in writing, stating the matters required under those provisions was ever given defendant in either the manner required for the service of summons in courts of record or otherwise. But plaintiff contends the intent under those statutory provisions is that a defendant must be given the notice to afford an opportunity to investigate the circumstances before they become stale and to preserve evidence for his defense; and that a substantial compliance with the purpose intended to be accomplished is sufficient, and it is not necessary to literally observe the formal statutory requirements. And plaintiff claims said intent and purpose were sufficiently complied with within the two-year period by the following: (1) By a letter to defendant written on April 2, 1940, by plaintiff's attorney in which he stated he was retained by plaintiff—

"relative to the institution of a malpractice action as the result of your treatment of Mr. Beyer's fractured toe. Kindly refer this matter to your insurance carrier or contact the undersigned immediately upon receipt of this letter;"

and (2) by service on defendant of an affidavit and notice for an adverse examination, and the holding of such examination at which defendant testified that after plaintiff had sustained an injury he came to defendant's office June 16, 1939; that the next day an X ray was made of the injury; and that defendant set the bone in plaintiff's foot and prepared the cast at the plaintiff's home.

The matters thus relied upon by plaintiff are not sufficient to constitute compliance with the positive requirements in sec. 330.19 (5), Stats., that there must be stated in the required notice the *time* and the *place where* the *damage occurred,* and *that satisfaction thereof is claimed of defendant;* and that the notice must be given *in* the *manner required for* the *service of a summons* in a court of record. Because plaintiff failed to comply with the statutory requirements in those respects, there is in point the decision in *Voss v. Tittel,* 219

Wis. 175, 179, 180, 262 N. W. 579. In that case there likewise was no complaint or sufficient notice of injury served within the two-year period. But as in the case at bar there was service of a notice, subpœna, and affidavit for an adverse examination of defendant and such an examination was held within the two-year period; and upon the appeal there were the same contentions by the plaintiff as here in relation to the intent and purpose under the statute and the effect of substantial compliance therewith. In relation to those contentions we concluded, for reasons stated in the opinion, that—

"Had the legislature intended that the service of a summons, together with an affidavit upon which is based a notice of examination of an adverse party, before serving a complaint, would suffice, it would have been a simple matter so to provide. . . . That case [*Staszczuk v. Gilman Mfg. Co.* 159 Wis. 615, 150 N. W. 982] is authority for the proposition that if the notice fails to state any one of the essential requirements of the statute it is not sufficient. In the present case nothing in the summons or in the affidavit or notice of examination contains any statement as to the 'place' where the plaintiff sustained her damages. So, even if we were disposed to hold, which we are not, that the statute may be complied with by serving a summons, affidavit, and notice of adverse examination within two years, the documents exhibited in this action, taken and construed together, would have to be held insufficient. As before stated, the statute is plain and unambiguous. To comply with it presents no difficulty. It must be complied with if one desires more than two years in which to bring his action and serve his complaint. If the statute, as enacted, is too exacting and occasionally results in what may seem to some to be an injustice, the remedy is within the legislative province, not the judicial."

Those conclusions are likewise applicable and controlling in the case at bar.

In view of the express and positive provision in sec. 330.19 (5), Stats., that "No action to recover damages for an injury to the person shall be maintained unless" the injured party

shall give the prescribed notice of injury or serve his complaint within two years after the event which caused such injury, the required service of such notice or a complaint is a condition precedent to the right to maintain such an action. *Manas v. Hammond,* 216 Wis. 285, 257 N. W. 139; *Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636. Consequently, the statute does not admit of holding that mere substantial compliance is sufficient in the absence of a notice stating the matters absolutely required and the service of such a notice in the prescribed manner. The decisions in *Heinemann v. Heinemann,* 202 Wis. 639, 233 N. W. 552, and *Bloomer v. Bloomer,* 197 Wis. 140, 221 N. W. 734, that substantial compliance with such statutory provisions as to such mere procedural matters, as were involved in those cases, is sufficient, are not in point in the case at bar.

*By the Court.*—Judgment affirmed.