OLSON, Respondent, vs. STELLA CHEESE COMPANY and another, Appellants.

*November 16—December 15, 1948.*

For the appellants there was a brief by *Coe & Cameron* of Rice Lake, and oral argument by *William A. Cameron*.

For the respondent there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

WICKHEM, J. Plaintiff was injured on May 13, 1944, when a tractor upon which he was standing and which was proceeding in a northerly direction on Highway 35 came into collision with a truck operated by defendant, Stella Cheese Company, also going in a northerly direction and attempting to pass the tractor. On June 1, 1944, plaintiff was interviewed by Mr. Cameron, attorney for defendants, and gave the latter a detailed statement in writing as to his version of the accident. On July 1st plaintiff's attending physician, with plaintiff's consent, wrote a letter to Mr. Cameron setting forth the condition of his patient. On September 6, 1944, defendants paid to plaintiff the sum of $1,600 in settlement and on that date plaintiff executed the release sought now to be set aside upon the grounds of mistake. From September 6, 1944, to March 1, 1948, no communication took place between plaintiff and defendants. It is conceded that no formal notice of injury under sec. 330.19(5), Stats., was ever given. It is contended that none of the writings, namely, plaintiff's statement to Mr. Cameron and that of his doctor and the release by plaintiff, satisfied the requirements of sec. 330.19(5), and that compliance by plaintiff with these requirements was never specifically waived by defendant.

Upon the first point it was held in *Lockman v. Steensland*, 174 Wis. 570, 183 N. W. 676, that letters passing between

the parties or their attorneys looking toward settlement of the differences between the parties are not a substitute for a notice although the defendant was not only anxious to settle but did not deny liability. In *Smith v. Chicago, M. & St. P. R. Co.* 124 Wis. 120, 102 N. W. 336, where there was considerable correspondence between the parties the court held that this was not a substitute for the notice and that there was nothing in the correspondence indicating that further notice would not be required. In *Staszczuk v. Gilman Mfg. Co.* 159 Wis. 615,150 N. W. 982, plaintiff had signed a release and after the expiration of the statutory period brought action. It was held that there was neither a notice nor estoppel to set up want of notice. From these cases it is clear that the rule in this court has always been that negotiation for settlement, or even settlement evidenced by a release, is not a substitute for statutory notice and that it does not furnish the basis for an estoppel to insist upon notice.

Two cases illustrate what must be present to constitute an estoppel. The first is *Guile v. La Crosse Gas & Electric Co.* 145 Wis. 157, 130 N. W. 234. In that case officers of defendant company told plaintiff's daughter that it was not necessary to serve any papers upon it and that the damages would have to be paid by it. The court held that failure to give notice had been induced by defendant and that it was estopped from raising the objection. On substantially similar facts the court held to the same rule in *Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636. No such basis for an estoppel exists upon the record here. We reserve the question whether the situation would in any manner be changed had settlement been induced by fraudulent representations on the part of defendant. In connection with this, see *Krestich v. Stefanez,* 243 Wis. 1, 9 N. W. (2d) 130.

This case makes a strong appeal to the sympathies of the court but we are required to deal with an explicit statutory

provision which this court has several times construed contrary to plaintiff's contentions and which the legislature has not seen fit to change. A bill seeking to modify sec. 330.19(5), Stats., was introduced in the 1947 legislature, (Bill No. 418, A., amendments No. 1, A., and No. 2, A., to same). It is doubtful if this bill with its proposed amendments went far enough to help plaintiff's situation but in any case, it was indefinitely postponed.

*By the Court.*—Order reversed and cause remanded with directions to enter a summary judgment dismissing plaintiff's complaint.