BUDKE and another, Plaintiffs and Respondents, vs. HOLVICK and another, Defendants and Respondents: PAPADAKIS and another, Defendants and Appellants.

*June 9—July 12, 1949.*

294

For the appellants there were briefs by *Sanborn, Lamoreux & Pray* of Ashland, attorneys, and *Norlin & Spears* of Washburn of counsel, and oral argument by *Theron P. Pray.*

For the respondents Claude Budke and Bituminous Casualty Corporation there was a brief by *Warren B. Foster* and *G. Arthur Johnson,* both of Ashland, attorneys, and *Grelle & Schlotthauer* of Madison of counsel, and oral argument by *Mr. Johnson.*

For the respondents Holvick there was a brief by *Hughes & Anderson,* attorneys, and *Powell & Sprowls* of counsel, all of Superior, and oral argument by *R. E. Anderson.*

HUGHES, J. The notice of claim may, as appellants contend, be technically defective. Budke did not manually sign the copies of the notice which were delivered to defendants.

Appellants cite *Voss v. Tittel* (1935), 219 Wis. 175, 262 N. W. 579, 101 A. L. R. 722; *Beyer v. Seymer* (1946), 249 Wis. 257, 24 N. W. (2d) 616; and *Olson v. Stella Cheese Co.* (1948), 254 Wis 62, 35 N. W. (2d) 220, to establish that this court requires the statute to be complied with if one desires more than two years in which to bring his action and serve his complaint.

The statute is specific and requires notice to be given in accordance with its terms, as held in the cases cited and others. However, substantial compliance with the statute must be held to be sufficient. To hold that the notice on behalf of Budke

was not sufficient would indeed be to hold the plaintiff to a needlessly technical measure of compliance.

It is true, as counsel argues, that under similar circumstances a deed or other conveyance could not be held to be signed so as to transfer title to property. The language of the statute quoted above, however, indicates the legislature intended that a notice should not be deemed insufficient for technical reasons if it gave substantially the information to which the defendant is entitled and was not intended to mislead.

Because of our view of the notice served on behalf of Budke, we will not need to consider the effect of the Bituminous Casualty Corporation notice upon the right of Budke to recover.

*By the Court.*—Order affirmed.