Trapino, Respondent, vs. Trapino, Appellant.

*November 5—December 4, 1951.*

For the appellant there was a brief by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Willard S. Stafford*.

*Don F. Meloy* of Madison, for the respondent.

FRITZ, C. J.   The collision, which is alleged in the complaint to have been caused by defendant's negligence, and the resulting injury and damages sustained by plaintiff, occurred on December 29, 1947, in Madison, Wisconsin. At that time, and ever since, plaintiff and her husband were residents of St. Louis, Missouri.   On December 20, 1949 (which was less than two years after the collision), a written notice of injury (the sufficiency of which is not questioned on this appeal) was duly served personally upon the defendant in St. Louis, Missouri, by a deputy sheriff of Missouri; and the summons and complaint were served on March 30, 1950, which was more than two years after the collision that caused plaintiff's injury on December 29, 1947.

Defendant contends that the notice of injury sustained by plaintiff on December 29, 1947, which was served personally on defendant in St. Louis on December 20, 1949, was ineffective, because sec. 330.19 (5), Stats., provides that the notice of injury required thereby ". . . shall be given in the manner required for the service of summons in courts of

record" in an action of this type; and that the statutes do not authorize personal service outside of the state.

Presently there is involved on this appeal solely the sufficiency of the service of the notice of injury.

The statutes provide various methods of serving summons in courts of record, and the method of service in each case depends upon the nature of the cause of action involved, the residence of the parties, the availability of the party for service, and the mental capacity of the person to be served. Defendant claims the plaintiff cannot at her option pick out any one of the numerous methods in which a summons can be served in a court of record, and thereby satisfy the statute; that the statute can only be satisfied if the notice is served in the same manner that a summons would have to be served in this particular action to recover a personal judgment against a nonresident defendant.

On the other hand, plaintiff contends that by reason of the service of said notice of injury on defendant personally in Missouri by a Missouri deputy sheriff on December 20, 1949, there was applicable the provision in sec. 330.19 (5), Stats., that:

"No action to recover damages for an injury to the person shall be maintained *unless,* within two years after the happening of the event causing such damages, notice in writing, . . . shall be served upon the person . . . by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person. . . . Such notice shall be given in the manner required for the service of summons in courts of record."

The notice which was thus served on defendant is in compliance with the statute in stating the time and place where the damage occurred, the defendant who is claimed to have

caused the damage, a brief description of the injury received by plaintiff and the manner in which it was received, the grounds upon which the claim is made, and that satisfaction thereof is claimed by plaintiff.

As stated in *Budke v. Holvick,* 255 Wis. 293, 295, 38 N. W. (2d) 479:

"The statute is specific and requires notice to be given in accordance with its terms, as held in the cases cited and others. However, substantial compliance with the statute must be held to be sufficient. To hold that the notice on behalf of Budke was not sufficient would indeed be to hold the plaintiff to a needlessly technical measure of compliance. . . .

"The language of the statute quoted above, however, indicates the legislature intended that a notice should not be deemed insufficient for technical reasons if it gave substantially the information to which the defendant is entitled and was not intended to mislead."

Consequently, the notice of injury and the service thereof on defendant in Missouri by a Missouri deputy sheriff, within the permissible two-year period prescribed by the Wisconsin statute for the service of such notice, constituted sufficient compliance with sec. 330.19 (5), Stats., to entitle plaintiff to maintain the action.

*By the Court.*—Order affirmed.