ULLMAN and wife, Appellants, vs. FREYE and another, Respondents.*

*January 8—February 3, 1953.*

* Motion for rehearing denied, with $25 costs, on March 31, 1953.

For the appellants there were briefs and oral argument by *Allan Cain* of Kaukauna, attorney, and *Henry P. Hughes* of Oshkosh of counsel.

For the respondents there was a brief by *Benton, Bosser, Becker & Fulton,* and oral argument by *Mr. David L. Fulton* and *Mr. John B. Menn,* all of Appleton.

BROADFOOT, J.    The sole question before us is the sufficiency of the notice of injury. It is attacked only for the reason that the date of the accident is not specified therein. The defendants contend that the omission of the date is a fatal defect and because thereof it does not comply with the requirements of sec. 330.19 (5), Stats. They rely upon several cases decided by this court which we shall review briefly, in the order they are set out in the brief herein.

In *Voss v. Tittel,* 219 Wis. 175, 262 N. W. 579, a summons, affidavit, notice of examination of adverse party, and a subpoena were issued within the two-year period. It was there held that the statute had not been complied with.

In *Beyer v. Seymer,* 249 Wis. 257, 24 N. W. (2d) 616, there was a letter by plaintiff's attorney to the defendant in which he stated he was retained by plaintiff relative to the institution of a malpractice action, and there was served on the defendant an affidavit and notice of adverse examination, and said examination was held within the two-year period. That was held not to comply with the statute.

In *Brunette v. Brunette,* 171 Wis. 366, 177 N. W. 593, the plaintiff was injured while working on his brother's farm. Defendant received the first notice of injury from plaintiff's doctor, and defendant then reported the injury to the industrial commission. The plaintiff later filed a claim for workmen's compensation but the claim was dismissed because the defendant, a farmer, was not under the act. Again it was held this was not a compliance with the statute.

In *Lockman v. Steensland,* 174 Wis. 570, 183 N. W. 676, there were extended negotiations for settlement of a claim for personal injuries received in an automobile accident. The

plaintiff there contended that these negotiations gave the defendant full knowledge of the facts and that this obviated the necessity for a notice. That was held not to comply with the statute.

In *Olson v. Stella Cheese Co.* 254 Wis. 62, 35 N. W. (2d) 220, plaintiff was injured while riding upon a tractor on the highway. A settlement of his claim for damages was had and he signed a release. It was held that was not a compliance with the statute.

In *Staszczuk v. Gilman Mfg. Co.* 159 Wis. 615, 150 N. W. 982, the plaintiff, a minor, was injured while working for the defendant. His claim for damages was settled and he signed a release. After he reached the age of twenty-one years, but beyond the time limited by statute, he commenced his action for personal injuries. That was held not to comply with the statute.

In *Martin v. Lindner,* 258 Wis. 29, 44 N. W. (2d) 558, the plaintiff received personal injuries in an airplane accident. Just prior to the expiration of the two-year period his attorney handed an officer a summons and complaint in the action, which the officer was unable to serve because the defendant was out of the state. That, too, was held not to comply with the statute.

It will be noted that in all of the cases relied upon by the defendants no notice of injury was served nor was a complaint served within the time limited by the statute. In each case the plaintiff was urging that something else be substituted for the requirements of the statute.

We shall next review a few of the cases relied upon by the plaintiffs. In *Malloy v. Chicago & N. W. R. Co.* 109 Wis. 29, 85 N. W. 130, the court said (p. 32):

"The interpretation should lean strongly to avoid absurd consequences. . . . The court should also consider the legislative purpose, and keep steadily in view 'the mischief to be cured.' . . . Prior to the enactment of this statute a person

suffering injury to his person had full six years to commence his action, and he was not required to give any notice of his intention. The necessity of notice arose from the fact that many claims were being prosecuted after long delays, when witnesses had disappeared or the circumstances were forgotten, and the means of evidence had been lost or destroyed. Instances arose when the defendant was put to a great disadvantage by failure to preserve evidence, death of witnesses, or change in the physical features surrounding the accident. This was undoubtedly 'the mischief to be cured.' Unquestionably, the legislative purpose was to require the injured party to inform the other within a reasonable time, fixed at one year, of his intention to hold him responsible. If he did so, then he might commence his action any time within six years. If he did not, then his right would be forfeited. The primary purpose seems to have been that notice should be given to afford the defendant an opportunity to investigate the circumstances before they got stale, and to preserve evidence for his defense."

This decision adequately states the purpose of the requirement that notice be given or the complaint served within the time limited by statute.

In *May v. Chicago & N. W. R. Co.* 102 Wis. 673, 79 N. W. 31, the plaintiff sought to recover for the killing of two cows and the serious injury of a third cow which were struck by a train on the defendant's railway. The incident occurred on August 2, 1897. At that time sec. 1816*b* of the statutes read as follows:

"No action against any railroad corporation for damages to property occasioned by fire set from a locomotive or for stock killed or injured by such corporation shall be maintained unless within one year after the happening of the event causing such damage notice in writing, signed by the party owning such property or stock, his agent or attorney, shall be given to the corporation against which damage is claimed, stating the time and place where such damage occurred and that satisfaction therefor is claimed of such corporation. Such

notice may be given in the manner provided for the service of summons upon such corporations in courts of record."

A notice was served on December 7, 1897, stating that the damages occurred "through the negligence of the Chicago & North Western Railway Company in failing to keep the gate in the fence separating the right of way of said railway company from a portion of the farm of John Walterscheit, in said town of Blooming Grove, closed, . . ." It was contended by the defendant that the notice of injury was insufficient because indefinite as to the place where the accident occurred. In speaking of the notice, this court said (p. 676) :

"Certainly, this seems reasonably definite and certain. If the company did not know where the farm of John Walterscheit was, it was easily ascertainable. The claim that the place of the injury is not definitely stated is entirely too narrow a construction of language for practical purposes."

In *Budke v. Holvick*, 255 Wis. 293, 38 N. W. (2d) 479, a typewritten notice of injury was served within the time limited by statute. A blank line, intended for signature of the claimant, was typed at the foot of the notice and the name of the claimant was typed beneath that line. The notice was attacked as insufficient because it was not signed as required by statute. Our court there held (pp. 295, 296) :

"The notice of claim may, as appellants contend, be technically defective. Budke did not manually sign the copies of the notice which were delivered to defendants. . . .

"The statute is specific and requires notice to be given in accordance with its terms, as held in the cases cited and others. However, substantial compliance with the statute must be held to be sufficient. To hold that the notice on behalf of Budke was not sufficient would indeed be to hold the plaintiff to a needlessly technical measure of compliance.

". . . The language of the statute quoted above, however, indicates the legislature intended that a notice should not be deemed insufficient for technical reasons if it gave substan-

tially the information to which the defendant is entitled and was not intended to mislead."

In *Trapino v. Trapino,* 260 Wis. 137, 50 N. W. (2d) 467, the wife sought recovery from her husband of damages for personal injuries sustained by her while a passenger in his automobile when it collided with another car in Madison, Wisconsin. The parties lived in St. Louis, Missouri. Within the two-year period a notice of claim for injury was served personally on the defendant in Missouri by a deputy sheriff of Missouri. The notice was attacked because sec. 330.19 (5), Stats., provides that the notice of injury be given in the manner required for the service of summons in courts of record in an action of this type and that our statutes do not authorize personal service outside of the state. The notice was held to be sufficient and the language quoted in *Budke v. Holvick, supra,* was quoted with approval.

From this review of prior decisions of this court two things are apparent. Where no notice has been served and no attempt has been made to comply with the statutory provisions governing the giving of such notice, knowledge of the facts by the defendant from other sources is not a compliance with the statute. The court has not permitted substitution for the notice. On the other hand, where a notice has actually been served, this court has held that inadvertent inaccuracies or omissions therein are to be disregarded where there was no intention on the part of the claimant to mislead the other party and the other party was not in fact misled thereby. Thus the statutory requirement that notice be signed was held to be complied with where the name of the claimant was typed upon the notice. Service of the notice outside of the state, although not strictly in compliance with the statute, was held to be sufficient. The requirement under a similar statute that the place of the accident be described was held to be sufficient although not stated with exactness.

Paraphrasing the language in the case of *May v. Chicago & N. W. R. Co., supra,* it would read as follows:

"If the defendants did not know the date of the accident it was easily ascertainable. The claim that the time of injury is not stated is entirely too narrow a construction of language for practical purposes."

The omission of the date was inadvertent and it is apparent that there was no intention on the part of the claimant to mislead the defendants, nor do the defendants claim to have been misled thereby. Upon the record before us, the notice was a sufficient compliance with the statutory requirements. The demurrer should have been overruled.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.

CURRIE, J. (*dissenting*). If we interpret the majority opinion correctly, it holds that a notice given for the purpose of complying with sec. 330.19 (5), Stats., is sufficient, even though one of the essential requirements prescribed by the statute to be contained therein is omitted, if (1) the person to whom the notice is given has it within his power to readily ascertain the information omitted, or already possesses such information prior to the service of the notice; (2) such omission is due to inadvertence with no intent to mislead; and (3) the person to whom the notice is given is not actually misled thereby.

Sec. 330.19 (5), Stats., provides in part as follows:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, *stating the time and place where such damage occurred,* a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed

of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record." (Emphasis supplied.)

In *Staszczuk v. Gilman Mfg. Co.* (1915), 159 Wis. 615, 150 N. W. 982, the court had before it the question of compliance with this statute, then sub. 5 of sec. 4222, Stats., and in its opinion stated (p. 617):

"The release above set forth does not comply with the statute even if treated as a notice served, which it was not intended to be. *It fails to state one at least of the essential requirements of the statute,* namely, that the plaintiff claims satisfaction of the defendant for the injuries." (Emphasis supplied.)

The foregoing quotation from the *Staszczuk Case* was quoted with approval by this court in *Voss v. Tittel* (1935), 219 Wis. 175, 262 N, W. 579, and was commented upon therein as follows (p. 180):

"That case is authority for the proposition that if the notice fails to state any one of the essential requirements of the statute it is not sufficient."

We, therefore, have this court stating in 1935 that it has been the law of this state ever since the decision in the *Staszczuk Case* in 1915 that if the notice fails to state an *essential requirement* of the statute it is fatally defective. *Voss v. Tittel, supra,* held that "place" was an *"essential requirement"* of the statute. *"Time"* would stand in the same category in that respect as *"place."*

It is highly significant that the legislature during the nearly thirty-eight years that have elapsed since the *Staszczuk* decision has not seen fit to amend the statute so as to render effective a notice which fails through inadvertence to state an essential requirement, such as time or place, if the party receiving the notice is not prejudiced by such omission. We respectfully suggest that the effect of the majority opinion

is to accomplish such amendment of the statute by judicial legislation. It is the position of the minority of the court that, however desirable the objective attained by the majority opinion may be, such is properly a function of the legislature and not of this court. A statement made by this court in *Pietsch v. Milbrath* (1905), 123 Wis. 647, 101 N. W. 388, 102 N. W. 342, 68 L. R. A. 945, 107 Am. St. Rep. 1017, is particularly pertinent (p. 670):

"The legislature is the judge, and the sole judge in such matters, subject to no judicial review whatever, so long as it acts within the boundaries of reason. It is far better that occasionally one should suffer severely from the enforcement of the law, as the court finds it, than that they should endeavor to bend the law out of its manifest scope to avoid that result."

The legislature saw fit to enact one exception in the statute which relieved against failure to strictly comply with its requirements, in certain specified respects. This exception reads as follows:

"No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; . . ."

The general rule of statutory construction applicable, which tends to rule out any implied exceptions where a statute contains an express exception, is well stated in 50 Am. Jur., Statutes, p. 455, sec. 434, as follows:

"The specification by the legislature of exceptions to the operation of a general statute, does not necessarily operate to preclude the court from applying other exceptions. However, where express exceptions are made, the legal presumption is that the legislature did not intend to save other cases

from the operation of the statute. In such case, the inference is a strong one that no other exceptions were intended, *and the rule generally applied is that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other excep-. tions or the enlargement of exceptions made."* (Emphasis supplied.)

The majority opinion is based upon the authority of three decisions of this court, viz., *May v. Chicago & N. W. R. Co.* (1899), 102 Wis. 673, 79 N. W. 31; *Budke v. Holvick* (1949), 255 Wis. 293, 38 N. W. (2d) 479; and *Trapino v. Trapino* (1951), 260 Wis. 137, 50 N. W. (2d) 467. However, an analysis of these three decisions discloses that none of them involved a notice which completely omitted, or failed to comply with, one of the essential requirements of the statute, as did the notice in the instant case.

The notice in *May v. Chicago & N. W. R. Co., supra,* was alleged to be defective because of failure to state the place of the accident. The material facts of this case are set forth in the majority opinion. The effect of the court's opinion in the *May Case* was to hold that it is not essential to set forth a technical legal description of premises in order to comply with the *"place"* requirement of the statute, but, if the place where the damage occurred is sufficiently described in the notice so that the party to whom it is addressed can readily ascertain the place from such description contained within the four corners of the notice, there is compliance with the statute. Mr. Justice Winslow in the opinion in that case stated (p. 676):

"Fairly and reasonably construed, the notice states that the cattle came upon the track through a gate in the right of way fence where such right of way runs through the farm of John Walterscheit, in the town of Blooming Grove, in Dane county, and were killed on *said right of way, i. e.* the right of way through Walterscheit's farm, by reason of the. negligence of the company in failing to keep the gate closed and in carelessly running its engine and train. Certainly,

this seems reasonably definite and certain. If the company did not know where the farm of John Walterscheit was, it was easily ascertainable."

We submit that the majority opinion, which places great reliance upon the words *"easily ascertainable"* appearing in the last sentence of the above-quoted portion of the opinion, completely misinterprets such phrase. The words *"easily ascertainable"* have reference to being ascertainable from the description of the place contained in the notice, and not from extrinsic facts not set forth in the notice. The majority opinion, on the other hand, interprets these words to mean that, even though the notice fails to contain any description of the place where the damage occurred, the notice would still not be defective if the party to whom it was addressed could find the place from extrinsic facts.

The case of *Budke v. Holvick, supra,* involved a notice which it was conceded complied with the statute in every way except that Claude Budke, the party giving the notice, did not sign his name at the bottom thereof, but the words "Claude Budke" were typed at the bottom of the notice. The statute required that the notice be "signed by the party damaged, his agent, or attorney." The question, therefore, was whether a typed signature instead of one in handwriting was a compliance with the statute. The weight of authority is to the effect that where a statute requires the instrument to be "signed" by a person, a printed or typed signature is sufficient. *Hamilton v. State* (1885), 103 Ind. 96, 2 N. E. 299, 53 Am. Rep. 491; *Smith v. Greenville County* (1938), 188 S. C. 349, 353, 199 S. E. 416; *Maricopa County v. Osborn* (1943), 60 Ariz. 290, 300, 136 Pac. (2d) 270; and *Joseph Denunzio Fruit Co. v. Crane* (D. C. Cal. 1948), 79 Fed. Supp. 117, 128.

In *Herrick v. Morrill* (1887), 37 Minn. 250, 33 N. W. 849, the Minnesota court held that the statutory requirement, that a summons be signed, was complied with where the

summons bore the printed names of plaintiff's attorneys. Likewise in *Hamilton v. State, supra,* the Indiana court held that the statutory requirement, that an indictment be signed "by the prosecuting attorney," was complied with where the name of the prosecuting attorney appeared in print on the bottom of the indictment. Surely, if a printed signature on a summons or indictment is sufficient, a typed signature on the notice required by sec. 330.19 (5), Stats., should also be held to be effectual.

The party giving the notice in *Trapino v. Trapino, supra,* which involved an action for damages arising out of an automobile accident which occurred in Wisconsin, was faced with the difficulty of serving the notice of injury upon a nonresident residing in Missouri. Sec. 330.19 (5), Stats., requires that the notice "shall be given in the manner required *for the service of summons in courts of record."* Even though the damages claimed arose out of an automobile accident happening in Wisconsin, the notice could not properly be served on the commissioner of motor vehicles under sec. 85.05 (3), which permits "all legal processes" to be served on the commissioner of the motor vehicle department in any action against a nonresident operator of a motor vehicle for damages arising out of an accident caused by him in Wisconsin. Such statute does not authorize said commissioner to transmit such notice by registered mail to a nonresident addressee. In *Tarczynski v. Chicago, M., St. P. & P. R. Co.* (1952), 261 Wis. 149, 52 N. W. (2d) 396, this court stated (p. 153):

"The words 'process' or 'processes' as used in sec. 85.05 (3), Stats., were obviously intended to mean the means of *subjecting a party to the jurisdiction of a court."* (Emphasis supplied.)

Obviously a notice given pursuant to sec. 330.19 (5), Stats., does not subject a party to the jurisdiction of the court, nor is it given with respect to any proceeding already

pending in court. Therefore, under our decision in the *Tarczynski Case* such a notice does not constitute a "process" and cannot be served under sec. 85.05 (3). This leaves as the only other alternative statute, which might possibly apply, sec. 262.12, which statute permits personal service of a summons outside the state in certain cases where the defendant is a nonresident, but it is doubtful if this statute is applicable to actions for personal injuries arising out of an automobile accident. It is inconceivable that the legislature could have intended that the notice required by sec. 330.19 (5) could never be given to a nonresident residing outside of the state. Therefore, this court in *Trapino v. Trapino, supra,* logically concluded that the service of the notice in the state of Missouri by a deputy sheriff of that state was a substantial compliance with the statutory requirement that such notice be given "in the manner required for the service of summons in courts of record," viz., by personal service.

The statement with respect to substantial compliance contained in our decision in the *Budke Case,* which is so strongly relied upon in the majority opinion, was in reality dictum because that case actually involved full compliance instead of substantial compliance. In any event, the doctrine of substantial compliance therein announced should not be extended to a case like the instant one where there is total absence of compliance with one of the essential requirements of the statute, viz., *"time."*

For these reasons we conclude that the learned trial court was right in sustaining the demurrer to the complaint and the judgment should be affirmed.

Mr. Justice FAIRCHILD and Mr. Justice BROWN authorize me to state that they concur in this dissenting opinion.