OLDENBURG, Respondent, vs. HARTFORD ACCIDENT & INDEMNITY COMPANY and another, Appellants.*

*January 7—February 2, 1954.*

* Motion for rehearing denied, with $25 costs, on April 6, 1954.

For the appellants there was a brief by *Jeffris, Mouat, Oestreich, Wood, & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* all of Janesville.

For the respondent there was a brief by *Blakely & Long* of Beloit, and oral argument by *J. Richard Long.*

Brown, J.   Sec. 85.05 (3), Stats., as far as material now, states:

"The use and operation by a nonresident of a motor vehicle over the highways of Wisconsin shall be deemed an irrevocable appointment binding upon him, his executor, administra-

tor, or personal representative by such nonresident of the commissioner of the motor vehicle department to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, or his executor, administrator, or personal representative, growing out of such use or operation resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him, or his executor, administrator, or personal representative, which is so served shall be of the same legal force and validity as if served on him personally, or his executor, administrator, or personal representative."

The statute further provides that the commissioner, upon being served with such process, shall mail a copy thereof to the nonresidents affected.

Sec. 330.19 (5), Stats., which sets a six-year limitation upon the time within which actions may be brought to recover damages for personal injuries, further provides that no action to recover such damages shall be maintained unless, within two years after the happening of the event causing damage, notice shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place, description of the injuries, etc. Then the statute says: ". . . Such notice shall be given in the manner required for the service of summons in courts of record. . . ."

Appellants submit that the notice of injury is not a legal process and that the nonresident operator who has made the commissioner of the motor vehicle department his attorney to accept service of process has not authorized him to accept anything other than legal processes in actions or proceedings. Therefore, appellants contend, this notice was not served upon any agent or attorney whom defendants had designated to receive it. On the other hand, plaintiff, supported by the like conclusion of the learned trial court, submits that in such

a situation the court must construe the notice to be a legal process. The trial court also declared:

"Further than this, it seems to this court to be beside the point to argue that a summons is legal process and that a notice of injury is not legal process within the meaning of the statute.

"The statute states plainly that the notice . . . 'shall be given in the manner required for the service of summons in a court of record.'

"If these words have any meaning, then it follows inevitably that whatever constitutes good service for a summons is also good service for a notice of injury."

No doubt, in prescribing that such notice must be given by the plaintiff in order to allow him to take full advantage of the six-year statute of limitations (sec. 330.19, Stats.), the legislature could set any terms it liked concerning what should constitute satisfactory notice. If the notice now considered had been a summons, unquestionably the service would have been good. We must hold, then, that the manner of service of the notice satisfies the conditions expressed by sec. 330.19 (5). But here we must part with respondent and the learned trial court. It *is* vital to determine whether the notice is or is not legal process. In *Tarczynski v. Chicago, M., St. P. & P. R. Co.* (1952), 261 Wis. 149, 153, 52 N. W. (2d) 396, we said:

"The words 'process' or 'processes' as used in sec. 85.05 (3), Stats., were obviously intended to mean the means of subjecting a party to the jurisdiction of a court. As stated in respect to the word 'process,' '. . . it is frequently used to designate *a means,* by writ or otherwise, *of acquiring jurisdiction of defendant or his property, or of bringing defendant into, or compelling him to appear in, court to answer.'* 50 C. J., Process, p. 442, sec. 1. The language of sec. 85.05 (3), Stats., discloses that the word *'process'* as used therein was not limited to the meaning of process as a writ issued by the court under its seal, for it provides that a plaintiff's

affidavit of compliance with the requirements of service be appended to the summons. In *Sorenson v. Stowers,* 251 Wis. 398, 401, 29 N. W. (2d) 512, the court stated:

" 'Sec. 85.05 (3), Stats., after providing for service on the commissioner of the motor vehicle department, provides that notice of such service and a copy of the *process* shall, within ten days thereafter, be sent by mail by the plaintiff to the defendant, at his last-known address.' The broader meaning of the word *'process'* includes not only a summons, but also whatever steps may be required by statute to institute a special proceeding."

The notice required by sec. 330.19 (5), Stats., does not bring anyone within the jurisdiction of a court no matter how served. No action or special proceeding is thereby begun or conducted against anyone. No court acquires jurisdiction over any of the parties thereby. Such a notice may not fall within the definition of legal process.

By using a motor vehicle on Wisconsin highways a nonresident automatically appoints the commissioner of the motor vehicle department his attorney upon whom legal process may be served, but the appointment is limited to that particular function. In other respects the commissioner is a stranger to him. If sec. 330.19 (5), Stats., is construed to require personal service of notice (as it does) upon the resident motorist but, in the case of one who is not a resident, to demand no more than service upon a stranger to him, even though the stranger is charged with forwarding duties, that construction, in a manner too obvious to be ignored, deprives the nonresident of the equal protection of the laws guaranteed him by sec. 2, art. IV, and the Fourteenth amendment of the United States constitution. Such an interpretation must be rejected.

As long as the use of a motor vehicle by a nonresident constitutes the commissioner the nonresident's attorney for the acceptance of legal process only, the nonresident is as much entitled to personal service of the two-year notice of

injury, which is not legal process, as is the resident operator. The injured party is not without means of making good personal service of the notice outside the state, as we have shown in *Trapino v. Trapino* (1951), 260 Wis. 137, 50 N. W. (2d) 467. Since personal service of the notice as required by sec. 330.19 (5), Stats., was not made on the person or corporation whom plaintiff claims caused the injury until more than two years had passed from the date of such injury, plaintiff may not maintain this action. Defendants' motion for summary judgment should have been granted.

*By the Court.*—Order reversed and cause remanded with directions to the trial court to enter judgment dismissing the complaint.