BURMEK and wife, Respondents, vs. MILLER BREWING COMPANY, Appellant.*

*November 5—December 3, 1957.*

* Motion for rehearing denied, without costs, on February 4, 1958.

For the appellant there was a brief by *Dougherty, Arnold, Philipp & Murray* of Milwaukee, and oral argument by *James T. Murray*.

For the respondents there was a brief and oral argument by *Herbert L. Mount* of Milwaukee.

FAIRCHILD, J. It is clear that the letter dated August 31st contained all the information required by sec. 330.19 (5), Stats. 1955. It is equally clear that the letter was not served upon defendant corporation "in the manner required for the service of summons in courts of record." There was no express admission or waiver of such service.

It can fairly be inferred from the two letters before the court that the August 31st letter was received in the office of defendant corporation, brought to the attention of someone authorized to determine what was to be done with it, and by that person transmitted to the insurance company. The latter made an investigation sufficient to satisfy it that liability should be denied. Defendant does not claim that it did not receive the letter, that the insurance company was not authorized to reply, nor that defendant has been prejudiced by lack of the type of delivery which would constitute service.

We are of the opinion that the circuit court correctly concluded that the facts before it show substantial compliance with the notice-of-injury requirement and properly denied the motion for summary judgment.

At the time of Burmek's injury and thereafter until July 1, 1957 (except for a change relating to injury caused by motor vehicles), a portion of sec. 330.19 (5), Stats., reads as follows:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the

happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received, and the grounds upon which claim is made, and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating or omitting any detail, provided it appears that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby. *It is declared that the purpose of this statute is to prevent the prosecution of claims after the investigation of the facts upon which they are based shall have become difficult and no notice which advises the person to whom it is addressed of the principal facts upon which the claim is based shall be deemed insufficient if it substantially meets the requirements hereof.* When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

The italicized sentence was inserted by ch. 444, Laws of 1953, effective July 15, 1953.

Prior to the amendment in 1953, there may have been no room for recognizing anything but "service" of a notice of injury in the absence of conduct by a defendant amounting to waiver or estoppel. See *Maurer v. Northwestern Iron Co.* (1912), 151 Wis. 172, 138 N. W. 636. But in the absence of a showing to the contrary, we agree with the trial court that a notice, sufficient in form and content, timely received by the defendant by mail, referred to its insurer, and investigated and acknowledged by the insurer, is a substantial compliance with the statute. The letter did result in timely investigation, was addressed to defendant, and did advise it of the principal facts upon which the claim is based. If "sub-

stantial compliance" as to the manner of service would not have sufficed before the 1953 amendment, we think it does suffice since that time.

We have examined several decisions made since the 1953 amendment was enacted, but no reference to its effect was made in the opinions. Briefs of counsel did not treat with the amendment.

*Oldenburg v. Hartford Accident & Indemnity Co.* 266 Wis. 68, 62 N. W. (2d) 574, was decided February 2, 1954. Service of notice of injury on the motor vehicle commissioner was held not sufficient service on a nonresident operator of a motor vehicle. The service was made January 4, 1951.

*Ausen v. Moriarty,* 268 Wis. 167, 67 N. W. (2d) 358, was decided December 7, 1954. A summons and complaint naming Moriarty Manufacturing Company, a corporation, a defendant was served upon Benedict Moriarty. It developed that no such corporation existed, but that Moriarty and others were members of a partnership by the same name. When the partnership was sued, it was held that the earlier service was not a valid service of notice of injury. The earlier service took place December 27, 1950, and the 1949 statutes were quoted in the opinion.

*Carroll v. Wisconsin Power & Light Co.* 273 Wis. 490, 79 N. W. (2d) 1, was decided October 9, 1956. A notice of injury was served upon an employee of defendant who was in charge of one of its generating stations. The jury found that the employee was not a superintending or managing agent and this court held the finding correct and that the service of notice on him was insufficient. The service took place July 14, 1952. *Will v. Jessen,* 273 Wis. 495, 78 N. W. (2d) 905, was also decided October 9, 1956. There a notice of injury was served upon defendant's insurer. This court held that such service was not compliance with the statute which requires service on " 'the person or corporation by whom it is claimed such damage was caused.' " The notice

of injury in this case was served April 26, 1955. It was held, however, that certain claims of plaintiff, if proved, would make out a case of estoppel against at least the insurance company.

It is not clear that the view we now take of the provision inserted by the 1953 amendment, ch. 444, Laws of 1953, would have required a different result under the facts of each of the cases above cited. In any event that particular portion of the statute does not appear to have been considered. However strictly the requirement as to manner of service of the notice was construed prior to 1953, the amendment does open the door to a finding of substantial compliance in the light of the declared legislative purpose.

We call attention to the fact that the law has been drastically changed by ch. 435, Laws of 1957, published July 31, 1957. That chapter did two things: Section 1 eliminated from sec. 330.19 (5), Stats., all reference to personal-injury actions including all requirement of service of a notice of injury. Section 2 created sec. 330.205, imposing a three-year statute of limitations on all actions to recover damages for personal injuries sustained on and after (in the words of the statute) July 1, 1957, although this chapter was published July 31, 1957, and section 2 thereof was expressly made subject to sec. 990.06.

In the case now before us, we hold that the notice-of-injury requirement in existence prior to August 1, 1957, has been sufficiently fulfilled and we are not deciding whether or not the change made by sec. 1 of ch. 435, Laws of 1957, has any effect on a cause of action for personal injury occurring prior to August 1, 1957. Until that matter is decided in a proper case, caution at least will suggest that the old notice-of-injury requirement be fulfilled as to all personal injuries occurring prior to August 1, 1957. Another case decided this day deals with retrospective amendment of statutes governing proce-

dure. (See *Steffen v. Little,* post, p. 350, 86 N. W. (2d) 622.)

*By the Court.*—Order affirmed.

STEINLE, J. (*dissenting*). Analysis of the legislative history of the 1953 amendment of sec. 330.19 (5), Stats., indicates that said amendment was enacted to sanction situations comparable to those in such cases as *Budke v. Holvick* (1949), 255 Wis. 293, 38 N. W. (2d) 479, *Trapino v. Trapino* (1951), 260 Wis. 137, 50 N. W. (2d) 467, and *Ullman v. Freye* (1953), 263 Wis. 199, 56 N. W. (2d) 821, wherein this court held that the failure of technical observance of the two-year notice of injury provided in the statute was not fatal. In the *Budke Case* it was held that the notice of injury, although technically defective because the copies of the notice had not been signed manually by the claimant, was nevertheless valid because there had been substantial compliance with the requirement of the statute as to signature of the claimant. In the *Trapino Case* it was held that the personal service of the notice of injury outside the state constituted sufficient compliance. In the *Ullman Case* the notice had failed to state the date of the injury, but it was held that because such date was easily ascertainable, there had been sufficient compliance.

In no case has this court recognized the validity of the mailing of the notice of injury as a proper substitute method for the personal service of the notice. Whenever such matter was presented for this court's consideration, it was held that mailing of the notice or the correspondence between the parties with respect to the claim, did not dispense with the requirement of the personal service thereof. See *Beyer v. Seymer* (1946), 249 Wis. 257, 24 N. W. (2d) 616, *Smith v. Chicago, M. & St. P. R. Co.* (1905), 124 Wis. 120, 102 N. W. 336, *Lockman v. Steensland* (1921), 174 Wis. 570,

183 N. W. 676, and *Olson v. Stella Cheese Co.* (1948), 254 Wis. 62, 35 N. W. (2d) 220.

In view of the consistent determination by this court in such regard over a period of many years, it appears to me that only a definite and clear-cut expression by the legislature declaring a change of such policy, would warrant a different construction. The amendment in question does not specify that mailing of the notice may be substituted for the personal service thereof.

Under the amendment the declared purpose of the provision in the statute relating to the service of a notice within two years, is (a) to prevent the prosecution of claims after the investigation of the facts upon which they are based, shall have become difficult, and (b) the notice shall not be deemed insufficient if it substantially advises the person to whom it is addressed of the principal facts upon which the claim is based. As to the first of such considerations it seems plain that the legislature intended that the statute limit the time within which the notice was to be served. In *Maurer v. Northwestern Iron Co.* (1912), 151 Wis. 172, 173, 138 N. W. 636, when referring to the manner of serving a notice of injury, this court said:

"While not a statute of limitation, in the technical sense, it is so near akin thereto as to be classed therewith and called 'a statute in the nature of a statute of limitation.' *Meisenheimer v. Kellogg,* 106 Wis. 30, 81 N. W. 1033; *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003; *Malloy v. C. & N. W. R. Co.* 109 Wis. 29, 85 N. W. 130."

Manifestly by its declaration in the 1953 amendment of the statute the legislature intended to lend continued approval of the court's determination that the statute was "in the nature of a statute of limitation." Actually statutes of limitation are statutes of repose,—one of the purposes of which is to suppress stale claims from springing up at great dis-

tances of time and surprising the parties or their representatives when the facts have become obscure from the lapse of time or the defective memory or death, or removal of witnesses. See 53 C. J. S., Limitations of Actions, pp. 902, 903, sec. 1 b. (1).

It thus appears that by its declaration of purpose in this regard, the legislature meant to emphasize the absoluteness of the requirement that there be compliance within the time provided.

Under the other part of the declaration of purpose appearing in the amendment, it seems plain that the legislature meant that technical defects with respect to content of the notice would not be fatal providing that there was sufficient compliance.

In *Trapino v. Trapino, supra,* it does not appear that this court would have approved the delivery of the notice of injury had it been mailed.

In view of these considerations, I must respectfully dissent from the majority's determination.