ELLIS, Appellant, vs. HANSEN, Defendant: RICKARD, Respondent.

*January 9—February 4, 1958.*

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* of counsel, all of Milwaukee, and oral argument by *Mr. Bernard.*

For the respondent there was a brief and oral argument by *Giles F. Clark* of Milwaukee.

Brown, J. The question is whether military service on the part of the alleged tort-feasor tolls the time when the notice of injury prescribed by sec. 330.19 (5), Stats., must be served upon him.

As the statute itself declares, its purpose is to protect the alleged tort-feasor against stale claims. Positive authority and persuasive reasons would be necessary to convince us that a person in military service is denied the protection which the statute provides for others not so serving.

The reason which Ellis gives is that Rickard was exempt from civil process while in the army. We have held:

"The notice required by sec. 330.19 (5), Stats., does not bring anyone within the jurisdiction of a court no matter how served. No action or special proceeding is thereby begun or conducted against anyone. No court acquires jurisdiction over any of the parties thereby. Such a notice may not fall within the definition of legal process." *Oldenburg v. Hartford Accident & Indemnity Co.* (1954), 266 Wis. 68, 72, 62 N. W. (2d) 574.

So if Ellis is right about a soldier's immunity to civil process, still a plaintiff's obligation to give notice, which is not process, is unaffected.

But appellant cites no statute or decision which declares that a soldier has such an immunity and we have found none effective at any time applicable to this injury or this action. The Federal Soldiers' and Sailors' Civil Relief Act, 50 App. USCA, sec. 590, provides only that when process has been served on one in military service that person, in the discretion of the court, may have a stay of proceedings. It appears, then, that Rickard was not immune to civil process, if the notice had been process. Indeed, this action rests on summons and complaint served on Rickard while he was in the army, but later than two years from the event causing the alleged damage.

In *Ausen v. Moriarty* (1954), 268 Wis. 167, 177, 67 N. W. (2d) 358, we held that:

"The giving of the notice is a material thing. It is made a condition precedent to the maintenance of an action to recover damages."

The present appellant did not comply with the condition precedent. His reasons for not doing so seem to us to be insufficient to toll the statute directing when notice must be given or the complaint actually served. His action, then, against Rickard cannot be maintained. The trial court had to dismiss it.

*By the Court.*—Judgment affirmed.