STAATS, by Guardian *ad litem*, Appellant, vs. RURAL MUTUAL CASUALTY INSURANCE COMPANY OF WISCONSIN, Respondent.

*December 7, 1955—January 10, 1956.*

For the appellant there was a brief by *Dougherty, Arnold & Philipp,* and oral argument by *James T. Murray,* all of Milwaukee.

For the respondent there was a brief and oral argument by *Wallace A. Barr* of Milwaukee.

FAIRCHILD, C. J.   Just before the expiration of the two-year period following the date of the accident (October 9, 1948), appellant attempted to begin an action against the respondent Insurance Company by making service of summons, October 7, 1950, on one Hartung, an adjuster employed by the company. Service of the summons and complaint was set aside December 6, 1950, and the action was dismissed on the grounds that respondent was a Wisconsin corporation and a lawful service could not be made on an adjuster of that company. That decision was made by Judge BRAUN of the circuit court December 6, 1950.

Appellant, on December 11, 1950, began this action, designating the summons and complaint as an "amended" summons and complaint. There was a special appearance by respondent. The complaint contained no allegation whatever tending to excuse appellant for not serving the two-year notice. There being only a special appearance by respondent at that time, the appellant asked for judgment. Judge DANIEL SULLIVAN, on July 30, 1951, held that the court had jurisdiction, and ruled that respondent must answer or stand in default. The order fixed a period of ten days

from the 30th day of July, 1951, in which respondent would be permitted to interpose an answer to appellant's so-called amended complaint. Respondent answered, pleading failure to give timely the necessary notice of injury, "and that no facts or conditions exist excusing or rendering unnecessary either the service of such notice or the serving of the complaint within the said two-year period." On December 31, 1954, respondent moved for summary judgment. In opposition to such motion there was interposed an affidavit subscribed by one of appellant's counsel containing the following statements, "that upon the basis of the facts as recited to the affiant the plaintiff has a meritorious cause of action; that upon the facts as recited to affiant the defendant Insurance Company is estopped to assert the defense based upon sec. 330.19 (5) of the statutes." However, such affidavit recited no facts upon which such claim of estoppel was based. The matter was then brought on for trial before Judge SWIETLIK in the circuit court. It was there determined, on December 31, 1954, that appellant was without a cause of action. The complaint was dismissed, and the judgment duly entered. The appellant thereafter, on March 24, 1955, sought to have the judgment of December 31, 1954, set aside. In support of such motion, appellant interposed the affidavit of one of his counsel in which for the first time there were set forth the facts upon which it was claimed the Insurance Company was estopped from relying upon the appellant's failure to comply with sec. 330.19 (5), Stats. It was therein set forth that one Hartung, a claim adjuster for the respondent Insurance Company, had falsely represented to appellant's then attorney, Harwood Staats, that the company was a foreign insurance corporation, "that the claim adjuster was an agent of the corporation within the meaning of the statutes of Wisconsin authorizing the service of process upon insurance corporations, that Harwood Staats need not be in any

hurry to commence an action, that it was not necessary for him to incur expense for obtaining service of a summons and complaint except by service upon such claim adjuster, that Harwood Staats was a young lawyer and not familiar with the intricacies of service upon insurance corporations, that the claim adjuster for the defendant made such representations to Harwood Staats for the purpose of preventing a summons and complaint from being legally served within such two-year period, that such representations were coupled with the further representation that it might be possible to settle such claim before the expiration of such two-year period and that additional expense should not be incurred because of such possibility." After a full hearing the motion was denied with costs on April 20, 1955.

In adhering to the opinion that the judgment should not be disturbed, the learned trial court said: "No showing has been made by the plaintiff that the order of December 31, 1954, was obtained through inadvertence, surprise, mistake, or excusable neglect and that there is no showing that any facts came to the attention of the plaintiff since December 31, 1954, which were not in his possession prior to that date, and, that upon the record before the court, it has no power to vacate the judgment of December 31, 1954, and to do so would be a clear abuse of discretion." In the rulings of the court below on the facts presented it was proper to hold that the two-year period of limitation was not tolled. The trial court did not treat the matter as one controlled by the strict application of the statute of limitations. He did, as we do, recognize the difference between the statute of limitations as generally understood and the conditions which are annexed to a right of action created by statute. "A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and

the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits." 34 Am. Jur., Limitation of Actions, p. 16, sec. 7.

We give due consideration to the imposition alleged to have been practiced on the appellant, and are fully aware of the rule that " 'one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' " *Scarborough v. Atlantic Coast Line R. Co.* (4th Cir.), 178 Fed. (2d) 253, 258. However, leaving out of consideration Hartung's denial of misconduct, which would raise a question of fact, it is apparent when appellant commenced his action he knew of his claim of Hartung's alleged misconduct. It was, therefore, appellant's duty to present such claim timely. See *Gerke v. Johnson,* 258 Wis. 583, 46 N. W. (2d) 829.

Without further discussion of the question as to whether there could be estoppel, as claimed by appellant, excusing appellant's failure to comply with the two-year statute, there certainly was no abuse of discretion on the part of the trial court in entering the order of April 20, 1955. An application after judgment is addressed to the sound discretion of the court. Upon the basis of pleadings and affidavits before the trial court at the time he entered summary judgment on December 31, 1954, it would have been error if the court had done anything other than to enter the summary judgment. The judgment and the order must be affirmed.

*By the Court.*—Judgment and order affirmed.