Broadfoot, J.
 

 At the hearing on the motion the plaintiff testified that the adjuster left the. postal card with him on his first visit and instructed him to mail it when he was ready to settle or when he was done with the doctor; that upon other occasions the adjuster offered to settle but the plaintiff stated that he could not or should not settle until he was done with the doctor, and the adjuster agreed. Plaintiff’s testimony was corroborated by that of his wife. The adjuster denied making any such statements.
 

 No formal findings of fact were made by the trial court but in a memorandum decision the court indicated that he took the testimony of the Browns as the true stories of the conversations. The trial court stated further that, because of these conversations and the adjuster’s actions, the plaintiff was lulled into a false sense of security, thereby causing his claim to be barred by the statute. At another point the trial court stated:
 

 “Consciously or unconsciously, Mr. Porter was eminently successful in misleading the plaintiff, and in view of all the facts and circumstances it would be grossly inequitable to permit defendant to take advantage of such misrepresentation.”
 

 
 *272
 
 The trial court made no finding that the plaintiff relied on or had the right to rely on the statements of the adjuster so far as notice of injury is concerned. The plaintiff was not advised that he should not see an attorney or that he should not serve a notice. Had a notice been served plaintiff would have had an additional four years within which to negotiate for a settlement.
 

 It is true that under some circumstances there may be an estoppel to set up want of notice. Typical of these instances are
 
 Guile v. La Crosse Gas & Electric Co.
 
 145 Wis. 157, 130 N. W. 234;
 
 Maurer v. Northwestern Iron Co.
 
 151 Wis. 172, 138 N. W. 636;
 
 Will v. Jessen,
 
 273 Wis. 495, 78 N. W. (2d) 905. In those cases the plaintiff or some member of his family was assured and advised that it was not necessary to serve any papers upon the defendant or that it would not be necessary to obtain the aid of legal counsel. The same situation was recognized in
 
 Staats v. Rural Mut. Casualty Ins. Co.
 
 271 Wis. 543, 74 N. W. (2d) 152. In that case the action was dismissed because the plaintiff failed to present his claim of estoppel timely.
 

 However, negotiations for settlement are not a substitute for the notice of injury required by statute. Cases so holding are
 
 Lockman v. Steensland,
 
 174 Wis. 570, 183 N. W. 676;
 
 Smith v. Chicago, M. & St. P. R. Co.
 
 124 Wis. 120, 102 N. W. 336;
 
 Olson v. Stella Cheese Co.
 
 254 Wis. 62, 35 N. W. (2d) 220. Further, there is no indication in the record that the plaintiff changed his position because of the conversations he had with the adjuster. Nowhere did he claim he would have served a notice but for said conversations, nor is there any indication in the record that he would have sought legal counsel but for those conversations.
 

 In the present case the plaintiff knew as early as June 15, 1957, that the defendant was only willing to pay the damages to his car, his medical expenses, and some amount for hired help. He still had more than four months within which to
 
 *273
 
 seek competent advice and take steps to protect his rights by filing a notice of injury. This would have given him ample time to ascertain his damages and to continue negotiations for a settlement.
 

 The statute in question was enacted by the legislature as a matter of public policy and compliance therewith should not be dispensed with except where the plaintiff has met his burden of proof in establishing his claim of estoppel. To affirm the order of the trial court would require going beyond what has been done in prior cases by this court because his situation appeals to our sympathies.
 

 So far as his personal injuries are concerned, the plaintiff has no claim against the defendant. However, the complaint alleged damage to plaintiff’s automobile for which the plaintiff claimed damages. The action was timely commenced, so far as property damage is concerned. The trial court was correct in failing to dismiss the entire complaint, but the order should have dismissed the complaint so far as the claim for personal injuries was set out therein. The complaint can properly stand as one for the recovery of damages to plaintiff’s car.
 

 By the Court.
 
 — The order appealed from is modified to direct that the claim of the plaintiff for personal injuries be stricken from the complaint and, as so modified, the order is affirmed.