HOWRAHAN and wife, Appellants, v. BRANDT, Respondent.

*November 2—November 29, 1960.*

For the appellants there were briefs by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *James R. Mattison.*

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack.*

BROWN, J. The pleadings and the affidavits filed in this matter show without substantial dispute the following:

Defendant Gertrude Bare Brandt, at all times material hereto, owned an apartment building. The building was managed by Mrs. Brandt's husband, Walter J. Brandt, and he so conducted himself that he might be regarded as the owner. On December 12, 1954, Mrs. Howrahan slipped and fell on the sidewalk adjacent to the apartment building and thereby sustained injuries. On March 5, 1955, counsel for Mrs. Howrahan mailed the following letter to Mr. Brandt:

"Mr. Walter J. Brandt
"1114 East Capitol Drive
"Milwaukee 11, Wisconsin

"In re: Howrahan vs. Brandt.

"Dear Mr. Brandt:

"The undersigned has been retained by, and represents Helen Howrahan of 4120 North Larkin street, who was injured on December 12, 1954, when she fell on an icy sidewalk located adjacent to an apartment building owned by you on the corner of Capitol drive and Larkin.

"Mrs. Howrahan has suffered severe and permanent injuries, including among other things, a multiple fracture of her leg. She is still forced to wear a cast and is under the treatment of several doctors, who inform her that she will probably be permanently disabled.

"I have carefully checked the conditions existing at the time of the fall and am of the opinion that the icy condition was caused by negligence on your part. I would appreciate it if you would communicate this to your insurance company and have them contact the undersigned at their early convenience.

"Very truly yours,
"/s/ James R. Mattison"

On March 10, 1955, Lumbermens Mutual Casualty Company wrote Mr. Mattison, attorney for Mrs. Howrahan, as follows:

"This is to acknowledge receipt of your letter dated March 5, 1955, advising that you have been retained by Mrs. Helen Howrahan, 4120 N. Larkin street, Shorewood, Wisconsin.

"At the present time we are investigating this claim and we shall advise you of our findings within the near future."

Thereafter Mrs. Howrahan's attorney filed medical reports with the casualty company. After investigation the casualty company offered $600 in settlement. The offer was refused and on December 11, 1956, plaintiffs began action against Walter J. Brandt to recover damages for the injury. Their complaint alleged that Mr. Brandt owned the premises and the injury was the result of his negligence. His answer denied negligence and alleged that he had never been the owner of the apartment building. The answer was served on plaintiffs December 27, 1956. By permission of the court the plaintiffs then impleaded Mrs. Brandt as a party defendant. At the same time, on Mr. Brandt's motion, the court granted summary judgment dismissing the action against him. Plaintiffs did not appeal.

Thereafter, Mrs. Brandt moved for summary judgment dismissing the Howrahan action against her on the ground that she was not served with a summons and complaint or with notice of injury within two years following the alleged accident, required by sec. 330.19 (5), Stats. 1953. The motion was granted and the judgment of dismissal was entered March 29, 1960.

The applicable portion of sec. 330.19 (5), Stats. 1953, reads as follows:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent, or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of

the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating or omitting any detail, provided it appears that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby. It is declared that the purpose of this statute is to prevent the prosecution of claims after the investigation of the facts upon which they are based shall have become difficult and no notice which advises the person to whom it is addressed of the principal facts upon which the claim is based shall be deemed insufficient if it substantially meets the requirements hereof. When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

The appellants submit that the letter by the attorney for Mrs. Howrahan, dated March 5, 1955, set forth above, substantially complies with the requirements of sec. 330.19 (5), Stats. 1953, within the rule of *Burmek v. Miller Brewing Co.* (1957), 2 Wis. (2d) 330, 86 N. W. (2d) 629. In the *Burmek Case* the letter which we recognized as a notice was addressed to the Miller Brewing Company, it demanded satisfaction of Miller Brewing Company, it was received by that company, and the subsequent action was against Miller Brewing Company. For the sake of argument we may concede that the Howrahan letter was sufficient compliance with the above statute to preserve the Howrahan rights against the person to whom the letter was addressed and against whom the letter asserted a claim for satisfaction. That person was Walter J. Brandt. Up to that point the *Burmek Case* and the case at bar are similar, but the *Burmek Case* is no authority for the present contention that the *Burmek*

and the Howrahan letters are notice to any person to whom a letter or notice is *not* directed and from whom no satisfaction is claimed.

The statute expressly provides that the required notice shall be served upon the person or corporation by whom it is claimed such damage was caused and that satisfaction is claimed of such person or corporation. The letter was served upon Mr. Brandt, as in *Burmek,* and satisfaction is claimed of him. Later, when the action for damages was commenced, the action was brought solely against Mr. Brandt. That letter addressed to Mr. Brandt informing him that Mrs. Howrahan had sustained injuries because of his negligence and containing the inference that she will demand satisfaction from him is not notice that another person has injured Mrs. Howrahan and that she claims satisfaction of such other person.

The absence of the prescribed notice to Mrs. Brandt within two years of the date of the accident and with no action being commenced against her within that time prohibits maintenance of the present action. Sec. 330.19 (5), Stats 1953, required the trial court to dismiss the action.

*By the Court.*—Judgment affirmed.