304 F.2d 98
 Dennis and David GRUMMITT, minors, by their father and next friend, William J. Grummitt, and William J. Grummitt, Plaintiffs-Appellants,
v.
STURGEON BAY WINTER SPORTS CLUB OF STURGEON BAY, WISCONSIN, John Purvis and George Resch, individually and d/b/a Sturgeon Bay Winter Sports Club of Sturgeon Bay, Wisconsin, Defendants-Appellees.
 No. 13560.
 United States Court of Appeals Seventh Circuit.
 June 13, 1962.
 
 C. A. Caplow, Arthur A. Ellis, Chicago, Ill., for plaintiffs-appellants.
 Gerald P. Hayes, Milwaukee, Wis., for appellees.
 Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 This is a suit for damages for personal injuries sustained by Dennis and David Grummitt on December 30 or 31, 1956, while riding down a toboggan slide at Potawatomi State Park, Sturgeon Bay, Wisconsin.
 
 
 2
 The complaint named as defendants, the Sturgeon Bay Winter Sports Club of Sturgeon Bay, Wisconsin (hereinafter called the Club) and John Purvis[1] and George Resch, individually and d/b/a Sturgeon Bay Winter Sports Club of Sturgeon Bay, Wisconsin.
 
 
 3
 Thereafter, plaintiffs moved for leave to file an amended complaint to designate as a defendant, Sturgeon Bay Winter Sports Club of Sturgeon Bay, Wisconsin, a corporation, and asked that additional summons issue. The corporation filed a motion to deny plaintiffs' application to make it a defendant, and defendants John Purvis and George Resch filed a motion for dismissal on the ground that no notice or claim for injury or damages, and no action or summons and complaint had been served upon the Club as required by Wisconsin Statutes.
 
 
 4
 On September 18, 1961, the District Court entered an order denying plaintiffs' application to file an amended complaint naming the corporation as such; it granted defendants' motion for a summary judgment, and dismissed the suit on the ground that it was barred because no sufficient notice of injury had been served on the Club prior to July 1, 1959, and because no process was served within three years after the injuries were sustained as required by Sections 330.205 and 330.19(5) of the Wisconsin Statutes.
 
 
 5
 On the date when the injuries were sustained (December 1956), Section 330.19(5) of the Wisconsin Statutes required a notice of injury be served upon a person or corporation against whom satisfaction was claimed, within two years of the date of the injury. If such a notice were served, the statute provided a six-year limitation within which to commence an action. This statute was repealed, and was superseded by Section 330.205 of the Wisconsin Statutes (1959). Under the new statute, the requirement for notice of injury was abolished and the period of limitation was fixed at three years. However, it was provided that where injuries occurred on or after July 1, 1955, and notice in writing as provided in Section 330.19(5) was served prior to July 1, 1959, then the sixyear limitation under the 1955 statute still applied.
 
 
 6
 Plaintiffs argue that certain correspondence in 1957 and 1958 is a substantial compliance with the 1955 statute. The boys' father wrote to the Wisconsin Conservation Department and received a letter in reply that the premises where the injuries occurred were operated by the Club under an agreement with the State of Wisconsin.[2] Also, that the agreement was signed in behalf of the Club by John Purvis as president and George Resch as secretary.
 
 
 7
 On March 1, 1957, the boys' parents wrote to the Club and to Messrs. Purvis and Resch, describing the injuries to their sons and saying: "The expenses are very great and at this time we hope that your club is covered by some kind of insurance covering the people that use your equipment. Hope to hear from you in the very near future in regards to our question."
 
 
 8
 A reply was made by letter from Sturgeon Bay Winter Sports Club by John Purvis. It stated: "Much as we sympathize with you, it is the considered opinion of the Club that persons who use the hill and toboggan slide do so at their own risk, and that the Club can be in no way responsible for the unfortunate accident in which your boys were hurt."
 
 
 9
 On December 31, 1957, a letter was addressed to Sturgeon Bay Winter Sports Club, Sturgeon Bay, Wisconsin, by attorney Arthur Ellis. The letter stated: "Please be advised that I represent Mr. William J. Grummitt, father and natural guardian of David Grummitt, and Dennis Grummitt, of Chicago, Illinois, who were injured, due to the negligent operation on premises owned and controlled by you, on December 31, 1956.
 
 
 10
 "Under the laws of this State and under by agreement with my client, I hereby claim an attorney's lien to the extent of one third of whatever amount is recovered in settlement of this claim.
 
 
 11
 "If you are insured against this accident, kindly forward this letter to your insurance company and furnish me with their name and address. If you are not so insured, kindly let me know your intentions in the next ten days."
 
 
 12
 The trial judge recognized that a notice sufficient in form and content and timely received by the defendant by mail is a substantial compliance with the statute.
 
 
 13
 Prior to the case of Burmek v. Miller Brewing Company, 2 Wis.2d 330, 86 N. W.2d 629 (1957), it had been the law of Wisconsin that notice of injury must be served within two years of the date of the accident in the manner required for the service of summonses in the courts of record. In the Burmek case, the Supreme Court of Wisconsin changed the law to the extent of holding that a letter under certain circumstances, was sufficient notice provided it contained all of the information required by the statute.[3] It should be observed that in the Burmek case, the letter involved pointed out the accident as to date and time of occurrence, named the claimant, described his disability, and specifically advised that claim was being made for the sum of $125,000.
 
 
 14
 Neither of the attorneys who filed lien letters with Sturgeon Bay Winter Sports Club made a demand for damages, and neither did Mr. and Mrs. Grummitt in their letter. "Satisfaction" was not claimed.
 
 
 15
 In Brown v. Farmers Mutual Automobile Insurance Company, 11 Wis.2d 269, 105 N.W.2d 319 (1960), an insurance adjuster had contacted the plaintiff many times and they engaged in negotiations about his claim. No settlement result was reached, and the plaintiff did not serve notice of accident within the two-year period, nor was an action started within that time. The trial court found against the defendant, but the Supreme Court reversed and stated, at page 272, 105 N.W.2d at page 321: "However, negotiations for settlement are not a substitute for the notice of injury required by statute." (Citing cases). The Court further stated, at page 273, 105 N.W.2d at page 322: "The statute in question was enacted by the legislature as a matter of public policy and compliance therewith should not be dispensed with except where the plaintiff has met his burden of proof in establishing his claim of estoppel."
 
 
 16
 In the case of Howrahan v. Brandt, 12 Wis.2d 27, 106 N.W.2d 335 (1960), the appellants argued that a certain letter addressed to Mr. Brandt substantially complied with the requirements of Section 330.19(5) within the rule of the Burmek case. However, the Court said that in Burmek, the letter which it recognized as a sufficient notice, was addressed to the Miller Brewing Company and demanded satisfaction of that company and was received by the company. The Court said, at page 30, 106 N.W.2d at page 337: "* * * [B]ut the Burmek case is no authority for the present contention that the Burmek and the Howrahan letters are notice to any person to whom a letter or notice is not directed and from whom no satisfaction is claimed."
 
 
 17
 The trial court cited and relied on Beyer v. Seymer, 249 Wis. 257, 24 N.W.2d 616 (1946). In that case, the Wisconsin Supreme Court said the notice requirement was to be liberally construed, but nevertheless, held that an indispensable element of any such notice was a claim for satisfaction against the defendant. The Court found there was no substantial compliance with the notice statute although plaintiff's attorney mailed a letter stating he was retained by plaintiff "* * * relative to the institution of a malpractice action as the result of your treatment of Mr. Beyer's fractured toe." Plaintiff's attorneys had also served a notice for an adverse examination.
 
 
 18
 Service of a summons and complaint has never been had upon the Club as a corporation. Neither Purvis nor Resch was an officer of the Club at the time the injuries were sustained by Dennis and David Grummitt. Since November 1954, they had been merely members of the Club. There was no apparent authority in Purvis and Resch as argued by appellant. As pointed out by the learned District Judge, under Wisconsin law a principal is liable only for that appearance of authority caused by himself. It cannot be established by the acts or conduct of the agent. Hansche v. A. J. Conroy, Inc., 222 Wis. 553, 269 N.W. 309 (1936); Mattice v. Equitable Life Assurance Society of the United States, 270 Wis. 504, 515, 71 N.W.2d 262, 55 A.L.R.2d 1206 (1955).
 
 
 19
 In this diversity case, we must, of course, follow Wisconsin substantive law as interpreted by the Wisconsin Supreme Court. We hold that as no notice of injury was served on the Club prior to July 1, 1959, and no process was served within three years of the date when the injuries were sustained, plaintiff is barred by the Wisconsin statute of limitation. Section 330.205, Wis.Stats. (1959).
 
 
 20
 Defendants' motion for a summary judgment was properly granted by the District Court.
 
 
 21
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 So spelled in pleadings, correct spelling is "Purves."
 
 
 [2]
 The contract between the Club and the State Conservation Commission of Wisconsin provides that the Club, as lessee, was granted a concession to carry on the management of the Winter Sports Area at Potawatomi State Park, including the furnishing of winter sports supplies and services. The lessee was also to take full charge of conduct on the ski areas. The State Conservation Commission, as lessor, was to own and take full charge of the operation of the toboggan and ski tows and maintenance of the hills, furnish oil and gas, repairs, and all other items of expense arising from the ski and toboggan tows themselves
 
 
 [3]
 "The statute expressly provides that the required notice shall be served upon the person or corporation by whom it is claimed such damage was caused and that satisfaction is claimed of such person or corporation." Howrahan v. Brandt, 12 Wis.2d 27, 31, 106 N.W.2d 335, 337 (1960)